# CAPLAN & ROSS, LLP

Brian D. Caplan
Jonathan J. Ross

270 MADISON AVENUE, 13TH FLOOR
NEW YORK, NEW YORK  10016

TEL: 212.973.2376
FAX: 212.661.4290
www.caplanross.com

Jonathan J. Ross
Direct: 212.973.2378
jross@caplanross.com

September 11, 2012

**BY FAX and ECF**: (973) 645-3097

Magistrate Judge Mark Falk
USPO & Courthouse
1 Federal Sq., Room 457
Newark, New Jersey 07101

Re:     **Gaines v. Fusari, et al.; 11-cv-4433 (WJM/MF)**

Dear Judge Falk:

We are counsel for plaintiff Calvin Gaines in the above action. We write to request a telephonic conference with your Honor to: (i) establish revised deadlines for discovery; and (ii) resolve the discovery issues described below and in the attached letter dated July 9, 2012.

The current discovery deadline in this action is September 15, 2012. However, as the Court will recall, by Order dated July 24, 2012, Defendants were granted leave to file and serve a Third-Party Complaint upon Stephanie Germanotta, p/k/a "Lady Gaga," and a summons was issued to Defendants on August 10, 2012. Earlier today, the Defendants filed an apparent executed summons alleging service of the Third Party Complaint on August 17, 2012, and thus we expect that Ms. Germanotta will be filing an appearance in this action shortly. Accordingly, we respectfully request that a telephonic status conference be scheduled at the Court's earliest convenience to establish revised dates for discovery in this action.

Second, we request a telephonic conference to resolve the following discovery dispute concerning Defendants' document production to date. As the Court may recall, by Order dated April 10, 2012, Defendants were ordered to respond to Plaintiff's outstanding document demands by May 10, 2012. Defendants produced a smattering of responsive documents but did not produce, or stated they would be producing, numerous additional requested documents. As set forth in my letter to counsel dated July 9, 2012 (annexed hereto as Exhibit 1), numerous categories of documents remain to be produced. Moreover, as reflected in the email chain with defense counsel annexed hereto as Exhibit 2, Defendants have now simply refused to provide any substantive response to my July 9 letter, or to even meet and confer regarding the issues

**CAPLAN & ROSS, LLP**

Magistrate Judge Mark Falk
September 11, 2012
P a g e 2

raised, asserting that all such issues should await the appearance of Ms. Germanotta.  Given Defendants' refusal to even respond to our communications, we are left with no choice but to seek judicial intervention.  For the Court's convenience, a copy of Defendants' Amended Responses to Plaintiffs Request for Production of Documents (which is referenced in my July 9 letter), is annexed hereto as Exhibit 3.

Accordingly, Plaintiff respectfully requests a telephonic conference with Your Honor to establish revised dates for the completion of discovery in this action, and to resolve the discovery disputes outlined in my July 9 letter.

Respectfully,

Jonathan J. Ross

Enclosures

cc (by Fax):
    James C. DeZao, Esq.
    Allison Paterson, Esq.
    Mark Shane, Esq.
    Sandra Crawshaw-Sparks, Esq.

# EXHIBIT "1"

# CAPLAN & ROSS, LLP

Brian D. Caplan
Jonathan J. Ross

270 MADISON AVENUE, 13ᵀᴴ FLOOR
NEW YORK, NEW YORK 10016

TEL: 212.973.2376
FAX: 212.661.4290
www.caplanross.com

Jonathan J. Ross
Direct: 212.973.2378
jross@caplanross.com

July 9, 2012

**BY EMAIL AND FAX: (973) 808-8648**

James C. DeZao, Esq.
Law Offices of James C. DeZao, P.A.
322 Route 46 West, Suite 120
Parsippany, NJ 07054

Re:   **Gaines v. Fusari, et al.; 11-cv-4433 (WJM/MF)**

Dear James:

Upon review of Defendants' Amended Responses to Plaintiff's Request for Production of Documents (the "Response") dated May 14, 2012, and the documents produced to date by Defendants, several issues remain to be resolved.

First, please advise when we can expect to receive the documents Defendants are obtaining from Interscope and Sony/ATV in response to Request No.'s 6, 8, 9 and 12. Next, Plaintiff disputes the validity of several objections contained in the Response, as set forth below:

With respect to **Request No.'s 10, 32 and 33**, which seek copies of agreements with third-parties concerning the works at issue (including Lady Gaga-related entities), and copies of pleadings in two state court actions between Defendants and Lady Gaga, Defendants object on the grounds that such documents are protected by a Settlement Agreement. This does not provide a valid basis to withhold production of these documents. To the extent there are any confidentiality concerns, an appropriate Discovery Confidentiality Order can address them. I enclose for your review a proposed Order in accordance with the Court's Local Rules. Please confirm that upon the entry of the Discovery Confidentiality Order, Defendants will produce all responsive documents to Request No.'s 10, 32 and 33.

With respect to **Request No.'s 14 and 15**, which seek, among other things, copies of any digital or other music files in Defendants' possession or control related to the creation of the works at issue (such as protouls files, session files, midi files or other recordings ), Defendants have only produced to date copies of ASCAP printouts showing publisher/writer splits for the songs. Please confirm in writing that Defendants are not in possession or control of any music

**CAPLAN & ROSS, LLP**
James Dezao, Esq.
July 9, 2012
P a g e 2

files for the works at issue, or that any such music files in Defendants' possession or control will be produced immediately. Please be advised that any attempt to introduce any music files at trial or in connection with any motion practice that were not produced during discovery will be precluded.

With respect to **Request No. 18**, which seeks documents reflecting any union payments made by Defendants, the Response states that Defendants have subpoenaed such documents and will forward same upon receipt. The Federal Rules require that Notice of any subpoena seeking the production of documents be served on the parties to the action prior to the service of the subpoena on the witness. *See* Fed. R. Civ. P. 45(b)(1). Accordingly, immediately provide us with copies of all subpoenas heretofore served, or to be served by Defendants, including but not limited to those referenced in the Response to Request No. 18, together with any written response received from the subpoenaed party.

With respect to **Request No's. 21-24**, which seek copies of royalty statements and payments received by Defendants from Interscope and Sony/ATV, the Response objects to producing them on the grounds that the royalty statements include works that are not at issue in this action. This objection does not provide a basis to withhold production of these documents that are directly related to Plaintiff's damages claims in this action. Defendants can either redact any information that is not related to the works that are the subject of this action, or Defendants can produce the royalty statements, *in toto*. In either case, the documents can be produced as confidential, governed by the enclosed proposed Discovery Confidentiality Order. Accordingly, please confirm that Defendants will produce all responsive documents to these requests that are in Defendants' possession, custody or control.

With respect to **Request No.'s 28-31**, which seek documents reflecting Defendants' affiliations, if any, with ASCAP or BMI, and all royalty statements received from either entity reflecting payments for the works at issue, Defendants' relevance objection is not valid, as these documents likewise relate to Plaintiff's damages claim. As a compromise, and given the Response's averment that the requested documents "do not exist in Defendants' possession," please advise as to which performing rights society Mr. Fusari and his company is affiliated, and we will then subpoena the royalty statements directly from the performing rights society.

Finally, with respect to **Request No. 34**, which seeks copies of pleadings in any action in which Defendants were either a plaintiff or defendant in the last six years, Defendants' objections that such documents are either prejudicial or confidential do not provide a basis to withhold their production. Defendants' further objection that the Requests seek documents that are immaterial is likewise meritless, as the Request is reasonably calculated to lead to the discovery of admissible evidence. With that said, however, as a compromise, Plaintiff would be

**CAPLAN & ROSS, LLP**

James Dezao, Esq.
July 9, 2012
P a g e 3

willing to accept a summary listing that identifies the respective parties, the court and index number of each such action.  Please confirm that Defendants will agree to produce same.

I look forward to your prompt reply.  In the meantime, please be advised that all of Plaintiff's rights and remedies remain expressly reserved.

Sincerely,

Jonathan J. Ross

# EXHIBIT "2"

## Jonathan Ross

**From:** Jonathan Ross
**Sent:** Thursday, August 16, 2012 3:02 PM
**To:** 'Allie Paterson'; James Dezao Sr.
**Cc:** Brian Caplan
**Subject:** RE: Gaines v. Fusari et al.

Allie:

We do not agree that discovery, other than the scheduling of depositions, should be stayed pending Lady Gaga's response to the Third-Party Complaint.

Numerous issues set forth in our July 9 letter do not require Lady Gaga's presence to resolve. For example, all music files in your clients' possession, custody or control, which should have been produced already, must be produced immediately. Likewise, your prior response to our document requests referred to subpoenas served on musicians' unions, but you have not provided us with any copies of the subpoenas or any documents that may have been produced in response to them. Your response to the document request further advised that you were in the process of gathering responsive documents to numerous of the requests. There is no valid basis to withhold production of documents responsive to Plaintiff's document requests. If and when Ms. Germonatta appears in this action, copy sets of prior production can be served upon her counsel.

Accordingly, please provide a substantive response to the matters raised in our July 9 letter; provide Defendants' comments, if any, to the proposed Confidentiality Order; and confirm that you are available on Monday for a telephonic meet and confer with respect to any remaining open issues.

Sincerely,
Jonathan J. Ross
Caplan & Ross, LLP
270 Madison Avenue, 13th Floor
New York, New York 10016
Ph: 212-973-2378
Fax: 212-661-4290
jross@caplanross.com

NOTICE: This electronic message transmission and its attachments contain information from this law firm which may be (a) legally privileged and/or confidential and (b) intended only to be for the use of the individual or entity named herein. If you are not the intended recipient or the person responsible for delivering this message to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone at 212-973-2376 and take the steps necessary to delete the message completely from your computer system. Thank you.

**From:** Allie Paterson [mailto:Allie@dezaolaw.com]
**Sent:** Thursday, August 16, 2012 1:20 PM
**To:** Jonathan Ross; James Dezao Sr.
**Cc:** Brian Caplan
**Subject:** RE: Gaines v. Fusari et al.

Hello Jonathan,

It is our suggestion that the remaining discovery matters stay pending until Gaga has formally answered. It alleviates having to resend what has already been sent, plus the confidentiality order really should be discussed with Gaga's Attorney. All of these matters can and should be further discussed before the judge to layout our deadlines, since to date, no depositions have been conducted.

Allie

**From:** Jonathan Ross [mailto:jross@caplanross.com]
**Sent:** Thursday, August 16, 2012 11:31 AM
**To:** Allie Paterson; James Dezao Sr.
**Cc:** Brian Caplan
**Subject:** RE: Gaines v. Fusari et al.

Allie:

We have still not received any substantive response to our July 9 letter (additional copy attached).
When will you be producing the documents and providing the information set forth in the July 9 letter?
Do you have any comments on the proposed Confidentiality Order?
Finally, do Defendants maintain any of the objections disputed in the July 9 letter? If so, please advise if you are available for a telephonic meet and confer on Monday to attempt to resolve such disputes. I am free any time after Noon.

Sincerely,
Jonathan J. Ross
Caplan & Ross, LLP
270 Madison Avenue, 13th Floor
New York, New York 10016
Ph: 212-973-2378
Fax: 212-661-4290
jross@caplanross.com

NOTICE: This electronic message transmission and its attachments contain information from this law firm which may be (a) legally privileged and/or confidential and (b) intended only to be for the use of the individual or entity named herein. If you are not the intended recipient or the person responsible for delivering this message to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone at 212-973-2376 and take the steps necessary to delete the message completely from your computer system. Thank you.

**From:** Allie Paterson [mailto:Allie@dezaolaw.com]
**Sent:** Monday, July 09, 2012 1:50 PM
**To:** Jonathan Ross; James Dezao Sr.
**Cc:** Brian Caplan
**Subject:** RE: Gaines v. Fusari et al.

Hello Jonathan,

We received your letter and will address those issues.

Any luck getting your client to produce any of the documents that we requested in our Notice to Produce?

Thanks,

Allie

---

**From:** Jonathan Ross [mailto:jross@caplanross.com]
**Sent:** Monday, July 09, 2012 11:55 AM
**To:** James Dezao Sr.; Allie Paterson
**Cc:** Brian Caplan
**Subject:** Gaines v. Fusari et al.

Dear Jim:

Please see attached letter regarding discovery issues, as well as the referenced proposed Discovery Confidentiality Order (based upon the form contained in the Local Rules).
We look forward to your prompt response.

Sincerely,
Jonathan J. Ross
Caplan & Ross, LLP
270 Madison Avenue, 13th Floor
New York, New York 10016
Ph: 212-973-2378
Fax: 212-661-4290
jross@caplanross.com

NOTICE: This electronic message transmission and its attachments contain information from this law firm which may be (a) legally privileged and/or confidential and (b) intended only to be for the use of the individual or entity named herein.  If you are not the intended recipient or the person responsible for delivering this message to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  If you have received this electronic transmission in error, please notify us by telephone at 212-973-2376 and take the steps necessary to delete the message completely from your computer system.  Thank you.

# EXHIBIT "3"

# LAW OFFICES OF JAMES C. DeZAO, P.A.

*A t t o r n e y   a t   L a w*

James C. DeZao -NJ
Bruce Montague-NY*

*of Counsel*

322 Route 46 West, Suite 120
Parsippany, New Jersey 07054
Telephone (973) 808-8900
Facsimile (973) 808-8648

e-mail: jim@dezaolaw.com

New York Office
212-45 26th Avenue, Suite 7
Bayside, NY 11360
718-279-7555

May 14, 2012

*Via E-Mail & Regular Mail*

Caplan & Ross, LLP
270 Madison Avenue
13th Floor
New York, NY 10016

RE:   **GAINES v. FUSARI, ET AL.**
      **DOCKET NO.: 11-CV-4433(WJM/MF)**
      **OUR FILE NO.: 4.03803**

Dear Mr. Caplan:

     Pursuant to your recent letter regarding Defendant's Responses to Plaintiff's First Demand for Production of Documents, please find enclosed amended responses.  Upon receipt of further information Defendant reserves the right to amend these answers and supply same. Thank you for your kind courtesies and cooperation in this matter.

     Please feel free to contact my office should you have any questions.  Thank you.

Very truly yours,

JAMES C. DeZAO
JCD/ap
Enc.

**Law Offices of James C. DeZao, P.A.**
322 Route 46 West, Suite 120
Parsippany, N.J. 07054
(973) 808-8900
(973) 808-8648 (f)
Attorneys for Defendants Rob Fusari
and Rob Fusari Productions, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN GAINES,<br><br>               Plaintiff,<br><br>v.<br><br>ROB FUSARI and ROB FUSARI<br>PRODUCTIONS LLC,<br><br>               Defendants. | :<br>:<br>:<br>:<br>:     CASE NO.: 11-CV-4433(WJM/MF)<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

The Defendants, Rob Fusari and Rob Fusari Productions, LLC ("the Defendants"),

hereby responds to the Plaintiff's Request for Production of Documents as follows:

**DOCUMENT RESPONSES**

1. Each communication between Plaintiff and Defendants concerning the Previous

Collaborations, including, but not limited to, correspondence, email (and attachments thereto),

diary entries, calendar entries, telephone logs, memoranda or notes.

**See, Letters of Direction attached as "Exhibit A." Beyond this, all business**

**communications were conducted face-to-face and not memorialized in writing.**

2. Each communication between Plaintiff and Defendants concerning the

Compositions, the Masters, the Albums or Lady Gaga from January 1, 2006 to the present,

1

including, but not limited to, correspondence, email (and attachments thereto), diary entries, calendar entries, telephone logs, memoranda or notes.

**The Defendants are not in possession of any such documents.**

3. Each communication between Plaintiff and Defendants concerning the 06-09 Collaborations, including, but not limited to, correspondence, email (and attachments thereto), diary entries, calendar entries, telephone logs, memoranda or notes.

**The Defendants are not in possession of any such documents.**

4. Each communication with any third party, including, but not limited to, Lady Gaga, Vincent Herbert, SONY/ATV Songs LLC, SONY/ATV Publishing Tunes, LLC, Interscope Records, a division of UMG Recordings, Inc. ("Interscope"), Mermaid Music LLC, Team Love Child LLC, House of Gaga Publishing, and GloJoe Music, Inc., concerning Plaintiff, the Compositions, the Masters, the Albums or Lady Gaga, including, but not limited to, correspondence, email (and attachments thereto), diary entries, calendar entries, telephone logs, memoranda or notes.

**The Defendants are not in possession of any such documents.**

5. Each contract or agreement entered into by Plaintiff and Defendants, or either one of them, concerning the Previous Collaborations, and all drafts, amendments and modifications thereto.

**See Response to No. 1.**

6. Each contract or agreement entered into by Plaintiff and Defendants, or either one of them, concerning the Compositions, the Masters, the Albums or Lady Gaga and all drafts, amendments and modifications thereto.

2

**The Defendants are working on getting these documents from SONY and INTERSCOPE.**

7. Each contract or agreement entered into by Plaintiff and Defendants, or either one of them, concerning the 06-09 Collaborations, and all drafts, amendments and modifications thereto.

**There are no such documents in the Defendants' possession.**

8. Each contract or agreement entered into by Defendants, or either one of them, and SONY/ATV Songs LLC or SONY/ATV Publishing Tunes, LLC (collectively, "SONY/ATV") concerning the Compositions, the Masters, the Albums or Lady Gaga, including but not limited to publishing agreements, and all drafts, amendments and modifications thereto.

**The Defendants are working on getting these documents from SONY.**

9. Each contract or agreement entered into by Defendants, or either one of them, and Interscope concerning the Compositions, the Masters, the Albums or Lady Gaga, and all drafts, amendments and modifications thereto.

**The Defendants are working on getting these documents from SONY.**

10. Each contract or agreement entered into by Defendants, or either one of them, and any other third party, including but not limited to Mermaid Music LLC, Team Love Child LLC, House of Gaga Publishing, or GloJoe Music, Inc., concerning the Compositions, the Masters, the Albums, or Lady Gaga, including, but not limited to, production and publishing agreements, and all drafts, amendments and modifications thereto.

**Objection. This demand requests documents that are protected by a Settlement Agreement.**

11. To the extent such documents are not called for by the above requests, each

3

contract or agreement between Defendants and any third party in which Defendants purport to transfer, assign, sell, license or otherwise convey, in whole or in part, their copyrights in the Compositions or the Masters.

**The Defendants advise that no copyrights were given to anyone.**

12. Copyright registrations for each of the Compositions.

**The Defendants are not in possession of any documents; however, they are endeavoring to collect such documents from Sony.**

13. Copyright registrations for each of the Masters.

**The Defendants are not in possession of any documents; however, they are endeavoring to collect such documents from Interscope.**

14. All documents reflecting or concerning the creation of the Compositions, including, but not limited to, lyric sheets, scores, musical notations, session tapes, and protools files.

**See attached three (3) screen shots from ASCAP attached as "Exhibit B."**

15. All documents reflecting or concerning the creation and production of the Masters (or any version thereof), including, but not limited to, session tapes and protools files.

**Refer to the Response to #14.**

16. All documents reflecting communications between Defendants and Lady Gaga and/or Vincent Herbert relating to the credits that appear on the Albums.

**The Defendants advise that there is a possible email; at the time, however, it is in a hacked AOL email account that the Defendants are still trying to access.**

17. All documents reflecting payments made by Defendants, or either one of them, to Plaintiff in connection with the Compositions, the Masters, the Albums or Lady Gaga, including,

4

but not limited to, copies of cancelled checks, check registers, accountings, and bank statements.

**See checks attached hereto as "Exhibit C."**

18. All documents reflecting union payments made by Defendants, or either one of them, in connection with Plaintiff's work on the Masters.

**These documents are being subpoenaed and will be forwarded as soon as received.**

19. All documents reflecting payments made by Defendants, or either one of them, to Plaintiff in connection with the Previous Collaborations, including, but not limited to, copies of cancelled checks, check registers, accountings, and bank statements.

**Please refer to Response to #1.**

20. All documents reflecting all payments made by Defendants, or either one of them, to Plaintiff in connection with the 06-09 Collaborations, including, but not limited to, copies of cancelled checks, check registers, accountings, and bank statements.

**Please refer to Response to #17.**

21. Each royalty statement or accounting rendered by Interscope to, or for the benefit of, Defendants concerning the sales or licensing (domestic or international) of the Albums and/or the Masters.

**The Defendants have endeavored to retrieve and gather this information and been informed that there is no way to get it because all of the Defendants' income is reported in <u>bulk</u> or total from any and all artist or project.  Thus, the Defendants receive income from numerous different artists and projects and cannot with any certainty determine the precise amounts received from or relating to Stefani Germanotta.**

22. Each royalty statement or accounting rendered by SONY/ATV to, or for the benefit of, Defendants concerning the licensing (domestic or international) of the Compositions.

5

The Defendants have endeavored to retrieve and gather this information and been informed that there is no way to get it because all of the Defendants' income is reported in **bulk** or total from any and all artist or project. Thus, the Defendants receive income from numerous different artists and projects and cannot with any certainty determine the precise amounts received from or relating to Stefani Germanotta.

23. All documents reflecting monies paid to or payable from SONY/ATV to Defendants relating to the Albums or the Compositions, including, but not limited to, copies of checks.

The Defendants have endeavored to retrieve and gather this information and been informed that there is no way to get it because all of the Defendants' income is reported in **bulk** or total from any and all artist or project. Thus, the Defendants receive income from numerous different artists and projects and cannot with any certainty determine the precise amounts received from or relating to Stefani Germanotta.

24. All documents reflecting royalties paid to or payable from Interscope to Defendants concerning the sales or licensing (domestic or international) of the Albums or the Masters, including, but not limited to, copies of checks.

The Defendants have endeavored to retrieve and gather this information and been informed that there is no way to get it because all of the Defendants' income is reported in **bulk** or total from any and all artist or project. Thus, the Defendants receive income from numerous different artists and projects and cannot with any certainty determine the precise amounts received from or relating to Stefani Germanotta.

25. To the extent such documents are not called for by the above requests, documents reflecting Plaintiff's requests for payment from Defendants relating to the Compositions, the

6

Masters, the Albums or Lady Gaga.

**The Defendants refer Plaintiff to the Demand Letter sent to the Defendants by the Plaintiff's counsel, a copy of which the Defendants no longer possess.**

26. To the extent such documents are not called for by the above requests, documents reflecting Plaintiff's notice to Defendants of the failure to credit Plaintiff as a co-author of the Compositions or as a co-producer of the Masters.

**See Response to #25.**

27. All documents concerning communications between Defendants and Defendants' publishing company(ies), if any, concerning the Compositions.

**None are in the Defendants' possession.**

28. All documents concerning Defendants' membership(s), or that of their respective publishing companies, if any, in ASCAP.

**Objection.  This demand seeks documents that are not relevant or material to this litigation.**

29. All documents concerning Defendants' membership(s), or that of their respective publishing companies, if any, in BMI.

**See objection to No. 28.**

30. All registrations or applications filed with BMI or ASCAP by Defendants with respect to the Compositions.

**Please refer to the Response to #12.**

31. All documents reflecting any payments received by Defendants, or either one of them, from BMI or ASCAP with respect to the Compositions.

**None exist in the Defendants' possession.**

7

32. A copy of the pleadings in the following two actions filed in the Supreme Court of the State of New York, County of New York in or about March 2010:

(a) *Rob Fusari Productions LLC v. Team Love Child LLC and Mermaid Music LLC*, Index No. 650179/2010; and

(b) *Stefani Joanne Germanotta and Mermaid Music LLC v. Rob Fusari, Rob Fusari Productions Inc. and Rob Fusari Productions LLC*, Index No. 650183/2010 (the "Actions").

**Objection. These documents are sealed and may not be disclosed pursuant to the terms of a Settlement Agreement.**

33. Copies of any settlement agreement(s) reached between Defendants and Lady Gaga (or any entity owned in whole or in part by her) in connection with the Actions to the extent any such settlement agreement provides Defendants with consideration for the Compositions or Masters or effects Defendants' rights in the Compositions or Masters.

**Objection. This document may not be produced.**

34. Copies of all pleadings in which either of the Defendants was a plaintiff or defendant during the last 6 years.

**Objection. This demand seeks material that is irrelevant and immaterial to this litigation, as well as potentially prejudicial and/or confidential.**

35. All documents reflecting claims brought against Defendants, or either one of them, for co-authorship or co-production credit on compositions or master recordings created since January 1, 2005.

**The Defendants do not have any such documents.**

36. Each document that supports or tends to prove Defendants' allegations that

8

"Fusari explained to Gaines that co-authorship credit and compensation would not be available to Gaines on the Lady Gaga project, and that Fusari alone would produce all sound recordings" and that "Gaines accepted these terms," as alleged in paragraph 10 of the Counterclaims.

**See "Exhibit C."**

37. Each document that supports or tends to prove Defendants' allegation that "Fusari supplemented Gaines's union compensation by paying Gaines in excess of $11,000 for Gaines's services as a musician on Lady Gaga sound recordings," as alleged in paragraph 11 of the Counterclaims.

**See "Exhibit C."**

38. Each document that supports or tends to prove Defendants' allegation that "Gaines also received payments as a musician through the musicians' union on each of the songs for which he now claims co-authorship," as alleged in paragraph 13 of the Counterclaims.

**Refer to Union payments that were made to Plaintiff.**

39. Each document that supports or tends to prove Defendants' allegation that "Gaines represented to Fusari that he understood and accepted the circumstances under which he would serve as a musician on the Lady Gaga project, and that if Fusari would supplement his payments from the musicians' union, he would accept those payments from Fusari and the union as full compensation for his services," as alleged in paragraph 15 of the Counterclaims.

**See "Exhibit C."**

Dated: May 14, 2012

_____
JAMES C. DEZAO, ESQ.
Attorney for Defendants: As to Objections.

9