**PROSKAUER ROSE LLP**
Sandra A. Crawshaw-Sparks
Eleven Times Square
New York, NY 10036
Telephone: 212-969-3000
Fax: 212-969-2900
scrawshaw@proskauer.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN GAINES, | ) |
| | ) |
| Plaintiff, | ) No. 11-cv-4433 (WJM/MF) |
| | ) |
| v. | ) |
| | ) Motion Day: Nov. 5, 2012 |
| ROB FUSARI and ROB FUSARI PRODUCTIONS, LLC | ) |
| | ) |
| Defendants-Third Party Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| STEFANI GERMANOTTA aka LADY GAGA, | ) |
| | ) |
| Third-Party Defendant | ) |

**THIRD-PARTY DEFENDANT STEFANI GERMANOTTA'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AND TO DISMISS THIRD-PARTY PLAINTIFFS' THIRD-PARTY COMPLAINT**

# TABLE OF CONTENTS

                                                                                                       **Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ...................................................................................... 3

ARGUMENT ........................................................................................................... 6

      I.      Standard of Review .............................................................................. 6

**REDACTED**

              for Indemnification and Contribution Are Precluded By The Terms Of The Settlement Agreement .......................................................................... 7

      III.    The Third-Party Complaint Must Be Dismissed Because Claims For Common Law Indemnification And Contribution Arising From Claims Brought Under The Copyright Act Are Not Cognizable ....................... 9

      IV.    The Fusari Parties Fail To State A Claim For Common Law Indemnification ................................................................................... 12

      V.     The Third-Party Complaint Fails To State A Claim For Contribution ................. 14

      VI.    CONCLUSION .................................................................................... 16

## **TABLE OF AUTHORITIES**

                                                                                       Page(s)

**CASES**

*Arista Records, Inc. v. Flea World, Inc.*,
    No. 03-2670 (JBS), 2004 U.S. Dist. LEXIS 29591 (D.N.J. July 12, 2004) ..............................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................................6, 7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986).................................................................................................................6

*Crispin v. Christian Audigier, Inc.*,
    839 F. Supp. 2d 1086 (C.D. Cal. 2011) .................................................................................10

*Elektra Entmt. Grp., Inc. v. Santangelo*,
    No. 06-11520 (SCR) (MDF), 2008 U.S. Dist. LEXIS 11845 (S.D.N.Y. Feb. 15, 2008) ........10

*Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs., Inc.*,
    No. 3:13-2513, 2012 U.S. Dist. LEXIS 29598 (M.D. Pa. Mar. 6, 2012) ..........................10, 11

*Ford Motor Co. v. Edgewood Props.*,
    Case No. 06-1278, 2008 U.S. Dist. LEXIS 84776 (D.N.J. Oct. 16, 2008).............................15

*Hersh v. Allen Prods. Co., Inc.*,
    789 F.2d 230 (3d Cir. 1986)....................................................................................................6

*Jackson v. Del. River & Bay Auth.*,
    114 Fed. Appx. 511 (3d Cir. 2004) ......................................................................................6, 8

*Kaucher v. County of Bucks*,
    455 F.3d 418 (3d Cir. 2006)....................................................................................................6

*KBL Corp. v. Arnouts*,
    464 F. Supp. 2d 335 (S.D.N.Y. 2006)...................................................................................11

*Lehman Bros., Inc. v. Wu*,
    294 F. Supp.2d 504 (S.D.N.Y. 2003)...............................................................................10, 11

*Napolitano v. Haven Homes, Inc.*,
    Civil Action No. 10-1712 ......................................................................................................12

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008)......................................................................................6

*Phillis v. Harrisburg Sch. Dist.*,
   430 Fed. Appx. 118 (3d Cir. 2011)............................................................................6

*Poltrock v. NJ Auto. Accounts Mgmt. Co.*,
   No. 3:08-1999-FLW, 2008 U.S. Dist. LEXIS 103351 (D.N.J. Dec. 22, 2008)......................14

*Pure Country Weavers v. Bristar, Inc.*,
   410 F. Supp.2d 439 (W.D.N.C. 2006) ..............................................................9, 10, 11, 13

*Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*,
   49 F. Supp.2d 728 (D.N.J. 1999) ............................................................................14

*Severino v. Boro.Sayreville*,
   No. 10-5707 (MLC), 2011 U.S. Dist. LEXIS 45334 (D.N.J. Apr. 27, 2011) ........................8, 9

*Shefielman v. N.L. Indus.*,
   No. 84-3199, 1987 U.S. Dist. LEXIS 15843 (D.N.J. Apr. 29, 1987)........................14

*Smith v. Lindemann*,
   No. 10-3319 (FSH), 2011 U.S. Dist. LEXIS 82680 (D.N.J. July 27, 2011) ...............12

*Stearns & Foster Bedding Co. v. Franklin Holding Corp.*,
   947 F. Supp. 790 (D.N.J. 1996) ..............................................................................15

*Zero Tolerance Entm't, Inc. v. Ferguson*,
   254 F.R.D. 123 (C.D. Cal. 2008)..............................................................................10

**STATUTES**

17 U.S.C. §§ 101, 201(a) ..............................................................................................11

Stat. §§ 2A:53A-1, *et. seq.* ...........................................................................................14

Stat. § 2A:53A-3 ...........................................................................................................15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..................................................................................................6

Fed. R. Civ. P. 56(c) ......................................................................................................6

## PRELIMINARY STATEMENT

Third-party defendant Stefani Germanotta (p/k/a Lady Gaga) ("Germanotta") respectfully moves the Court for summary judgment dismissing the Third-Party Complaint of defendants Rob Fusari ("Fusari") and Rob Fusari Productions ("RFP") (collectively, the "Fusari Parties") as

**REDACTED**

the alternative, to dismiss the Third-Party Complaint for failure to state a claim.

**REDACTED**

Furthermore, the Fusari Parties cannot bring claims for indemnification and contribution based on Gaines' complaint as a matter of law. It is well established case law that a defendant in a case arising under the Copyright Act may not bring claims for indemnification and contribution

because neither the Copyright Act itself nor federal common law allow for such claims to be brought.

Finally, neither the Fusari Parties' demands for indemnification nor contribution state a claim. With respect to indemnification, the Fusari Parties do not (and, indeed, cannot consistent with the pleadings filed in this case) allege that they are without fault, nor do they allege that there is a special legal relationship between Germanotta and Fusari such that a cause of action for indemnification can be sustained. With respect to contribution, the Fusari Parties do not (and, again, cannot) allege that Germanotta and Fusari have "common obligations" to Gaines so as to render them "joint" tortfeasors, and therefore, the Fusari Parties do not state a claim for contribution under the New Jersey Tortfeasors Contribution Law.

For the reasons delineated above, and discussed in detail below, the Court should grant the instant motion, dismissing the Fusari Parties' Third-Party Complaint with prejudice.

## STATEMENT OF FACTS

Third-party defendant Stefani Germanotta, p/k/a Lady Gaga ("Germanotta"), is a multi-Grammy Award wining singer/songwriter, recording and performing artist. October 1, 2012 Declaration of Sandra A. Crawshaw-Sparks ("Crawshaw-Sparks Dec.") at ¶ 2.

**REDACTED**

No later than June 10, 2010, the Fusari Parties became aware that plaintiff Brian Gaines ("Gaines") claims to have been a co-author and co-producer of certain works co-written by Fusari and Germanotta (the "Subject Works") by virtue of his "history of musical collaboration" with Fusari. *See* Complaint ¶ 41 ("By letters dated June 10, 2010 and September 16, 2010, counsel for Plaintiff further notified Defendant Fusari of his failure to credit Plaintiff as a co-author of the Compositions or as a co-producer of the Masters and demanded that Defendant Fusari provide him with accountings and payments in accordance with his co-author share of the Compositions, as well as half of the revenue generated by Fusari from Plaintiff's producer services."); Second Amended Answer and Counterclaim (Dkt. 49) ¶ 41 ("Defendants admit the allegations set forth in paragraph 41"). Importantly, neither Gaines nor Fusari allege that Gaines is or is alleged to be a co-author or co-producer of the Subject Works by virtue of any contact, communication or agreement between Gaines and Germanotta. *See May Agreement*, annexed to the May 21, 2012 Declaration of Brian D. Caplan (Dkt. 39) ("Caplan Dec.") at Ex. 4 pp. 1-2. In fact, Gaines claims an entitlement only to a share of the copyright and/or production royalties that Fusari received because, in essence, he claims that Fusari (not Germanotta) received credit and compensation for Gaines' work. *Id.* This point is made explicitly clear in the May Agreement between Gaines and Germanotta. *Id.* ("WHEREAS, Gaines does not claim to have co-written or co-produced the compositions with Lady Gaga (or pursuant to any explicit or implicit agreement with the Gaga Parties, Sony/ATV and/or Interscope), but rather, with Fusari and consequently, in the Proceeding Gaines will not be seeking to alter or modify the existing agreements regarding the compositions or masters to which the Gaga Parties, Sony/ATV or Interscope are parties, or otherwise the respective rights or credited interests of the Gaga Parties, Sony/ATV or Interscope Parties in the Compositions (except that if Gaines is deemed to be a

co-author of any of the Compositions he will be "credited' as such on a going forward basis) and Masters (except that if Gaines is deemed to be a co-producer of any of the Masters he will be "credited" as such on a going forward basis), although, in the event Gaines is successful in the proceeding, he agrees to be bound...").

When Gaines filed his complaint in the instant action on July 29, 2011, he did so solely against the Fusari Parties. *See* Dkt. 1 at pg. 1. The omission of Germanotta as a defendant was intentional, as Gaines "is not claiming that Germanotta failed to account and/or credit Plaintiff in connection with the subject Compositions and Masters; he is only claiming that Fusari failed to do so." Plaintiff's Sur-Reply In Opposition To Defendants' Motion For Leave To File Proposed Second Amended Answer And Counterclaims With Third-Party Complaint (Dkt. 46) at 7. Gaines' reason for omitting Germanotta is clear: Gaines seeks only a share of Fusari's copyright interest and/or production credit and Germanotta (as well as all other parties with an interest in the copyrights in and to the Subject Works)[1] have agreed that, to the extent this Court finds that Gaines is a co-author or co-producer of the Subject Works, and entitled to receive a share of what Fusari received, Germanotta (and all other interested parties) will account to Gaines as provided for by contract. *See May Agreement*, Caplan Dec. Ex. 4.

> **REDACTED**

intentional omission of Germanotta as a defendant, the Fusari Parties moved to add Germanotta as a third-party defendant (Dkt. 37) and, on July 24, 2012, the Court granted their motion. Dkt. 48. In their Third-Party Complaint, the Fusari Parties allege two claims against

---

[1] The Fusari Parties imply that Germanotta *must* be a party to any lawsuit affecting the Subject Works; however, their motivation is suspect in light their failure to name any of the other undisputed co-owners of the copyrights in and to the Subject Works.

Germanotta: common law indemnification and contribution. Dkt. 49 at 13-15. For the reasons discussed below, the Third-Party Complaint should be dismissed.

## ARGUMENT

I. **Standard of Review**

    A. **Summary Judgment**

Summary judgment relief is proper where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co., Inc.*, 789 F.2d 230, 232 (3d Cir. 1986). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

**REDACTED**

    B. **Motion To Dismiss**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231, 234 (3d Cir. 2008). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 544 (2007) (rejecting the concept that a federal court may not

6

dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Only a plausible claim for relief survives a motion to dismiss. *Id.* at 561. Thus, courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**REDACTED**

**REDACTED**

Case 2:11-cv-04433-WJM-MF   Document 61   Filed 10/01/12   Page 12 of 20 PageID: 736

> **REDACTED**

### III. The Third-Party Complaint Must Be Dismissed Because Claims For Common Law Indemnification And Contribution Arising From Claims Brought Under The Copyright Act Are Not Cognizable

Calvin Gaines' complaint alleges, only, claims based on a federal statute – the Copyright Act. *See generally* Complaint (Dkt. 1). Because claims for indemnification and contribution are not available with respect to claims brought under the Copyright Act, the Third-Party Complaint must be dismissed.

Most courts that have addressed whether common law claims for indemnification and contribution can arise from claims under the Copyright Act have held that such claims cannot be sustained. For example, in *Pure Country Weavers v. Bristar, Inc.*, 410 F. Supp. 2d 439 (W.D.N.C. 2006) the Court held that:

> Generally, under Georgia common law, "a person who is compelled to pay damages because of liability imputed to him as the result of a tort committed by another may maintain an action for indemnity against the person whose wrong has thus been imputed to him. However, where the basis for this action is the violation of a federal statute – such as the Copyright Act – "indemnification from another who has also violated the statute [is available] only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." This Court, like others, has previously determined that no right of indemnification was affirmatively created (either expressly or implicitly) by Congress in the Copyright Act, and that this is not one of the "limited situations" in which the Court should formulate federal common law to create such a right. Therefore, Paradies' indemnification claim based on Georgia common law is

9

> dismissed with prejudice for failure to state a claim upon which relief can be granted.

*Id.* at 448 (internal citations omitted). Multiple courts have joined the *Pure Country Weavers* court in holding that common law indemnification is not cognizable for claims arising under the Copyright Act. *See, e.g., Crispin v. Christian Audigier, Inc.*, 839 F. Supp.2d 1086, 1099-1100 (C.D. Cal. 2011) ("For the foregoing reasons, claims for equitable and implied indemnification are not available for liability imposed by the Copyright Act, nor does the federal common law recognize such claims. Accordingly, New Life cannot pursue its claims for equitable and implied indemnification against Audigier, and the Court GRANTS judgment for Audigier on those claims."); *Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 126-127 (C.D. Cal. 2008) (finding claim for "equitable indemnity" not cognizable for claims arising under the Copyright Act); *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs., Inc.*, No. 3:13-2513, 2012 U.S. Dist. LEXIS 29598, at *12 (M.D. Pa. Mar. 6, 2012) ("Accordingly, Defendants are unable to assert claims for contribution and indemnification stemming from an alleged violation of the Copyright Act"); *Elektra Entmt. Grp., Inc. v. Santangelo*, No. 06-11520 (SCR) (MDF), 2008 U.S. Dist. LEXIS 11845, at *5-6 (S.D.N.Y. Feb. 15, 2008) ("a claim for indemnification or contribution will lie only if: '(1) the Copyright Act creates such a right to [indemnification or] contribution either explicitly or implicitly, or (2) such a right inheres as a matter of federal common law.' Courts have held that no such rights exist under either the Copyright Act or federal common law. Therefore, Defendants cannot proceed with their proposed third-party claim of indemnification and/or contribution for copyright infringement.").

For similar reasons, courts have found that a claim for contribution cannot be brought based on a claim arising under the Copyright Act. *See, e.g., Lehman Bros., Inc. v. Wu*, 294 F. Supp.2d 504, 505 n.1 (S.D.N.Y. 2003) ("Although Wu suggests a third possibility, *viz.*, obtaining

contribution under New York state law, this is not availing because 'whether contribution is available in connection with a federal statutory scheme is a question governed solely by federal law.'"; dismissing contribution claim); *Elsevier, Inc.*, 2012 U.S. Dist. LEXIS 29598, at *10 (dismissing contribution claim arising from claim under the Copyright Act); *cf. Arista Records, Inc. v. Flea World, Inc.*, No. 03-2670 (JBS), 2004 U.S. Dist. LEXIS 29591, at *21-22 (D.N.J. July 12, 2004) ("In fact, courts have held that copyright infringing defendants can not assert contribution claims against third-party who allegedly contributed to infringement; neither the Copyright Act nor federal common law recognize a copyright infringer's right to contribution."); *KBL Corp. v. Arnouts*, 464 F. Supp.2d 335, 341 (S.D.N.Y. 2006) (Dismissing plaintiff's claim for contribution, holding that "[t]he plaintiff cannot use New York State common law as an end-around to make a claim for contribution that it could not make under the federal statutory [Copyright] scheme.").

  Here, it is beyond cavil that the Fusari Parties seek indemnification and contribution for claims arising from the Copyright Act because the <u>only</u> claims against them – declaratory judgments that Gaines is a co-author of certain Compositions and Masters and an accounting arising from Gaines' alleged status as such – arise under the Copyright Act. *See* Complaint (Dkt. 1) at 7-8; *see generally* 17 U.S.C. §§ 101, 201(a) (defining "joint work" and providing that "The authors of a joint work are coowners of copyright in the work"). Thus, no cause of action for indemnification or contribution may be brought and the Third-Party Complaint must be dismissed. *See, e.g., Pure Country Weavers*, 410 F. Supp. 2d at 448 (granting motion to dismiss common law indemnification claim arising from a claim brought under the Copyright Act); *Lehman Bros., Inc.*, 294 F. Supp.2d at 505 n.1 ("Although Wu suggests a third possibility, *viz.*, obtaining contribution under New York state law, this is not availing because 'whether

11

contribution is available in connection with a federal statutory scheme is a question governed solely by federal law.'"; dismissing contribution claim).

## IV. The Fusari Parties Fail To State A Claim For Common Law Indemnification

Even if a claim for common law indemnification based on a claim under the Copyright Act was cognizable, the Third Party Complaint fails to state a claim for common law indemnification.

In New Jersey, it is well-established that, in order to assert a claim for common law indemnification, a party must (a) "be without fault and able to show that its liability is constructive, secondary, vicarious, technical or imputed" and (b) show "a special relationship between the party seeking indemnification and the alleged wrongdoer to support the imposition of indemnification" (i.e., "the liability must arise from either (1) an explicit contractual provision, (2) some special legal relationship, (3) some positive rule of law, or (4) the wrongdoer's failure to discover or correct a defect or remedy a dangerous situation." *Napolitano v. Haven Homes, Inc.*, Civil Action No. 10-1712 (FLW), 2012 U.S. Dist. LEXIS 9383, at *21 (Jan. 26, 2012); *Smith v. Lindemann*, No. 10-3319 (FSH), 2011 U.S. Dist. LEXIS 82680, at *12 (D.N.J. July 27, 2011) ("The party seeking indemnification must not be personally at fault. The liability between the wrongdoer and the person seeking indemnification may be constructive, technical, imputed or vicarious, however, the liability must arise from either (1) an explicit contractual provision, (2) some special legal relationship, (3) some positive rule of law, or (4) the wrongdoer's failure to discover or correct a defect or remedy a dangerous situation.") (internal citations omitted). The Fusari Parties fail to plead non-conclusory facts supporting either of these requirements, and therefore, the Third-Party Complaint must be dismissed.

First, Fusari has not, and cannot, plausibly plead that he is "without fault" and that his "liability is constructive, secondary, vicarious, technical or imputed." Fusari alleges that

12

Germanotta, Gaines, **and Fusari himself** contributed to the songs at issue. *See, e.g.*, Third Party Complaint at ¶¶ 6-7 ("The songs the Plaintiff alleges he collaborated on were songs he was creating to the voice of Lady Gaga, or that she sang, wrote lyrics for, or otherwise co-authored. Specifically, Germanotta and Fusari would create an initial melody and lyric for each composition in the Parsippany, New Jersey studio. Thereafter, either Fusari or Germanotta would record a piano part and drum groove that could be used as a template for Germanotta to record a vocal."); 9-10 ("On several occasions, Fusari invited the Plaintiff into the studio to replay bass/guitar parts that he had either already played (but wanted replayed) or for the Plaintiff to perform parts that Fusari had ideas for but wanted the Plaintiff to perform rather than Fusari. Each time that the Plaintiff came to the studio, he was playing to an already recorded musical composition. On these occasions, the Plaintiff was playing to a vocal performance that Germanotta had already performed."). Thus, taking the allegations of the Third-Party Complaint as true, if the Fusari Parties are found to be liable to account to Gaines as a co-author, it is by virtue of Fusari's status as co-author in the works at issue, **not** by virtue of any relationship between Fusari and Germanotta. Thus, Fusari's potential liability would not be "constructive, secondary, vicarious, technical or imputed" and the Fusari Parties would not be entitled to indemnification.

     Second, Fusari has not even attempted to plead a "special relationship" between Fusari and Germanotta that would entitle Fusari to indemnification. Rather, Fusari has simply pled that "Lady Gaga... had an ownership interest in the songs that are the subject of this action." This relationship – one of co-authors in a copyright – does not give rise to a right to indemnification. *See generally Pure Country Weavers*, 410 F. Supp. 2d at 448 ("This Court, like others, has previously determined that no right of indemnification was affirmatively created (either

13

expressly or implicitly) by Congress in the Copyright Act, and that this is not one of the "limited situations" in which the Court should formulate federal common law to create such a right."). This defect is fatal to the Fusari Parties' indemnification claim. *See, e.g., Poltrock v. NJ Auto. Accounts Mgmt. Co.*, No. 3:08-1999-FLW, 2008 U.S. Dist. LEXIS 103351, at *29 (D.N.J. Dec. 22, 2008) (dismissing indemnification claim where "AAM fails to allege any special legal relationship, such as an agency relationship, that would confer a duty of indemnity on DCH"); *Sheftelman v. N.L. Indus.*, No. 84-3199, 1987 U.S. Dist. LEXIS 15843, at *15 (D.N.J. Apr. 29, 1987) ("There are absolutely no allegations of the existence of a legal relationship between the respective parties which would create a right to indemnity. Accordingly, we find that the third-party plaintiffs have failed to state common law claims for indemnification.").

Therefore, because the Fusari Parties has alleged neither that their potential liability is "constructive, secondary, vicarious, technical or imputed" nor the existence of a "special relationship" between Fusari and Germanotta that gives rise to indemnification, Fusari's claim for common law indemnification must be dismissed.

**V.     The Third-Party Complaint Fails To State A Claim For Contribution**

Similarly, even if a claim for contribution based on claims arising under the Copyright Act were cognizable, the Third-Party Complaint fails to state a claim for same.

In New Jersey, actions for contribution are governed by the New Jersey Tortfeasors Contribution law, N.J. Stat. §§ 2A:53A-1, *et. seq.* "When the pleading at issue is a third-party complaint for contribution, the pleading 'must allege facts sufficient to show joint tortfeasorship, common liability to the plaintiff, and the original defendant's right to contribution from the third-party defendant in case the plaintiff recovers. This is because a party cannot succeed on a claim for contribution unless there is joint tortfeasorship and common liability." *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp.2d 728,

740 (D.N.J. 1999); *Stearns & Foster Bedding Co. v. Franklin Holding Corp.*, 947 F. Supp. 790, 812 (D.N.J. 1996) ("A cause of action for contribution arises 'when two or more persons become liable in tort to the same person for the same harm.'"); *see also* N.J. Stat. § 2A:53A-3 ("Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share.").

Here, Fusari has not alleged that Germanotta's and Fusari's supposed obligations to Gaines constitute "common" liabilities such that Germanotta and Fusari are "joint" tortfeasors. Indeed, it is undisputed that Gaines has not alleged, and has never contended, that Germanotta has committed a tort of any kind. *See generally Complaint* (alleging claims solely against Fusari); *see also* Plaintiff's Sur-Reply In Opposition To Defendants' Motion For Leave To File Proposed Second Amended Answer And Counterclaims With Third-Party Complaint (Dkt. 46) at 7 ("Plaintiff is not claiming that Germanotta failed to account and/or credit Plaintiff in connection with the subject Compositions and Masters; he is only claiming that Fusari failed to do so."); Caplan Dec. Ex. 4 (agreement between Germanotta and Gaines whereby Germanotta agrees to account to Gaines if Gaines is found to be a co-author in the instant proceeding). Thus, because there is no plausible allegation that Germanotta has committed a tort, Germanotta and Fusari cannot be joint tortfeasors and therefore no claim for contribution exists as a matter of law. *See, e.g., Ford Motor Co. v. Edgewood Props.*, Case No. 06-1278, 2008 U.S. Dist. LEXIS

84776, at *59 (D.N.J. Oct. 16, 2008) (granting motion to dismiss contribution claim where the party asserting the claim "does not allege that [movant] is a joint tortfeasor").

## VI. CONCLUSION

For the reasons stated above, Fusari's Third-Party Complaint should be dismissed.

Dated: October 1, 2012

                                                 *s/ Sandra A. Crawshaw-Sparks*
                                                 Sandra A. Crawshaw-Sparks
                                                 PROSKAUER ROSE LLP
                                                 Eleven Times Square
                                                 New York, New York 10036
                                                 Telephone:  (212) 969-3000
                                                 Facsimile:  (212) 969-2900
                                                 Email:  scrawshaw@proskauer.com
                                                 *Attorneys for Third-Party Defendant*
                                                 *Stefani Germanotta*