Law Offices of James C. DeZao, P.A.
322 Route 46 West, Suite 120
Parsippany, N.J. 07054
(973) 808-8900
(973) 808-8648 (f)
Attorneys for Defendants Rob Fusari
and Rob Fusari Productions, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CALVIN GAINES, } | **Civil Action No. 11-CV-4433** |
| } | **(WJM/MF)** |
| Plaintiff-Counterclaim Defendant, } |  |
| -v- } |  |
| } |  |
| ROB FUSARI, ROB FUSARI } |  |
| PRODUCTIONS, LLC, } |  |
| } |  |
| Defendants-Third Party Plaintiffs, } |  |
| } |  |
| v. } |  |
| } |  |
| STEFANI GERMANOTTA aka LADY } |  |
| GAGA, } |  |
| } |  |
| Third-Party Defendant. } |  |

## DEFENDANTS' OPPOSITION TO THIRD PARTY DEFENDANT STEFANI GERMANOTTA'S MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT; AND CROSS-MOTION FOR LEAVE TO AMEND COMPLAINT

The Defendants/Third-Party Plaintiffs, Rob Fusari ("Fusari") and Rob Fusari

Productions, LLC (collectively, "the Defendants"), submit this Memorandum in

Opposition to the Motion of the Third-Party Defendant, Stefani Germanotta

("Germanotta"), for Summary Judgment dismissing the Defendants' Third-Party

Complaint; and in support of their Cross-Motion for Leave to Amend.  For the reasons set

forth below, Germanotta's Motion should be denied and the Defendants' Motion granted.

I.  **Summary Judgment is Premature and Must Be Denied Where No Discovery Whatsoever Has Been Performed With Germanotta.**

It is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery. *Doe v. Abington Friends Sch.,* 480 F.3d 252, 257 (3d Cir. 2007).  This is necessary because, by its very nature, the summary judgment process presupposes the existence of an adequate record. *Id.*

In addition to its prematurity, Germanotta – having participated not at all in this case – relies solely on the alleged insufficiency of the Defendants' Third Party Complaint in moving for Summary Judgment.  This, however, is an inadequate basis to grant summary judgment. *See, e.g., Ankele v. Hambrick*, 286 F.Supp.2d 485, 491 (E.D. Pa. 2003)(". . . . Although Plaintiff's Amended Complaint is inartfully drafted, this shortcoming alone is insufficient grounds to justify summary judgment . . . .").  Indeed, given that Germanotta is moving for summary judgment on the basis of the Defendants' pleading alone, her Motion must be construed as one to dismiss and all allegations of the Third Party Complaint must be liberally construed. *In re Epps,* 110 B.R. 691, 701 n. 8 (E.D. Pa. 1990)("If the summary judgment motion is made by the defendant solely on the basis of the complaint, the motion is functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6); the complaint should be liberally construed in favor of the complainant; the facts alleged in the complaint must be taken as true; and the motion for summary judgment must be denied if a claim has been pleaded . . . .")

Here, Germanotta has not even filed an *answer* to the Third Party Complaint.  Her Motion is therefore particularly premature. *See, e.g., Weber v. Delaware Bd. of Parole,* 1994 WL 1750391, 1 (Del Super.)("Plaintiff's motion for summary judgment is premature.  No answer has yet been filed.  Nor do we know whether there is a disputed

2

of material fact"); *Mahmood v. Nat. Bd. of Med. Examiners*, 2012 WL 2368462, 1 n. 3 (E.D. Pa.).

Therefore, Germanotta's Motion should be denied.

**II.     The <u>Settlement Agreement</u> Does Not Preclude the Defendants' Complaint Against Germanotta Because They Had No Cause of Action Against Her Until Gaines Sued Them.**

<u>Law</u>

The right to contribution does not accrue until "the injured third person has brought [an] action and recovers judgment against one or more of the joint tortfeasors and the latter has paid the judgment in whole or in part." *Miraglia v. Miraglia*, 106 N.J. Super. 266, 270 (App. Div. 1969).

Likewise, in general a cause of action for common law indemnification accrues at the time judgment is rendered against the indemnitee for the underlying claim. *In re Tarragon Corp.,* 455 B.R. 104, 107 (D.N.J. 2011).

<u>Application</u>

It is telling – in fact, betraying – that Germanotta cites no legal authority for her position that Fusari's *third party* action for *contribution and indemnification* against her accrued as of June 10, 2010, when Gaines asserted that he was co-author of the Compositions (Motion for Summary Judgment, p. 8). Indeed, her argument lacks all common sense: it advocates that a third-party plaintiff would have to assert a claim for indemnification against a third-party defendant in an action that *has not yet been brought*. Assuming, *arguendo*, Germanotta is correct, the Defendants would have had to bring their action against her in June 2010, long before Gaines asserted any cause of action against them. Had they done so, in a hypothetical world, the action would have been

*dismissed* for lack of ripeness. As a result, it could not have "been brought" within the meaning of the Settlement Agreement.

The cases Germanotta has cited in support of her position betray the fatality of her position. *Jackson v. Delaware River and Bay Authority,* 114 Fed.Appx. 511 (3d Cir. 2004)(Motion for Summary Judgment, p. 8), dealt with a *direct action* filed by the plaintiff against the defendant. The question was whether the words "all claims" in the release between the parties in the direct action "barred the suit based on maritime law." *Id.* at 511. Given that it was not a third party action, *Jackson* has absolutely no relevance to this case. Likewise, *Severino v. Boro Sayerville,* 2011 WL 1599630 (D.N.J)(Motion for Summary Judgment, pp. 8-9), by Germanotta's own description, dealt with defendants' motion for summary judgment against a plaintiff asserting a direct cause of action. For the same reasons as *Jackson, Severino* is unavailing. Finally, Germanotta's passing reference to *Phillis v. Harrisburg Sch. Dist.,* 430 Fed.Appx. 118, 121-22 (3d Cir. 2011)(Motion for Summary Judgment, p. 6), is likewise flawed because it does not deal with a third-party action.

What Germanotta's Motion ignores is that, upon careful examination, cases reveal that releases barring third-party claims and claims as yet unpled explicitly state such. Take, for example, *In re Hokulani Square, Inc.,* 2008 WL 5758934 (Bkcty. D. Hawaii), where the subject settlement agreement provided that the parties would release:

> any and all claims, counterclaims, cross claims, **third-party claims**, defenses, demands, damages, costs, expenses, actions and causes of action, past, present, or future, known or unknown, **pleaded or unpleaded** . . . .

*Id.* at 1 [**emphasis added**].

Aside from the legal fallacy in Germanotta's argument, it is premised upon the erroneous premise that Gaines' letter to the Defendants in June 2010 gave rise to an immediate cause of action by the Defendants against Germanotta.  To the contrary, the only thing that the Defendants learned at that time was that Gaines believed the Defendants had failed to credit him for his contribution to certain songs with Germanotta. It was highly possible that no cause of action would ever be brought; and, in such event, the Defendants would have had no contribution/indemnity claim against Germanotta.



15.01)[**emphasis added**].



argument is literally that the Defendants should have brought a third party action against

them before they suffered suit by Gaines:

> It is undisputed that Fusari was aware of Gaines' assertion that Gaines was co-author of the Compositions and the Masters, and that Fusari owed Gaines an accounting, as early as June 10, 2010, more than two months before Fusari ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ . . . . Thus, Fusari's claims for indemnification and contribution based on Gaines' complaint▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(Motion for Summary Judgment, p. 8).

Germanotta's position being premised upon a misinformed interpretation of the

law and misconstrual of the facts, her Motion for Summary Judgment should be denied.

**III.    The Defendants' Actions for Common Law Indemnification and Contribution is Cognizable Under United States Supreme Court Precedent.**

Germanotta belies her own Motion in the first sentence under her second

argument: "**Most** courts that **have addressed** whether common law claims for

indemnification and contribution can arise from claims under the Copyright Act have

held that such claims cannot be sustained" (Motion for Summary Judgment, p.

9)[**emphasis added**].  Thus, Germanotta asks this Court to dismiss the Defendants'

Third-Party Complaint based upon "most" courts that "have addressed" the issue.

In the first place, it must be noted that Germanotta errs when she alleges that

"Gaines' complaint alleges, only, [sic] claims based on a federal statute – the Copyright

Act" (Motion for Summary Judgment, pp. 9; 11)("Here, it is beyond cavil that the Fusari

Parties seek indemnification and contribution for claims arising from the Copyright Act

6

because the <u>only</u> claims against them . . . arise under the Copyright Act)[emphasis added].  However, she fails to give a specific page citation, and accordingly overlooks the fact that Gaines alleges that the "Court has pendant jurisdiction over any claims asserted herein which arise under state law, including . . . **claims seeking an accounting . . . ."** (Docket 1, p. 1)[**emphasis added**].  Thus, Gaines has alleged at least one cause of action independent of the Copyright Act, to which Germanotta's argument under this point simply does not apply.

In any event, Germanotta's Motion urges this Court to dismissing the Defendants' Third Party Complaint based upon one tilt on the law, ignoring the United States Supreme Court language on the issue:

> The Copyright Act does not expressly render anyone liable for infringement committed by another.  In contrast, the Patent Act expressly brands anyone who "actively induces infringement of a patent" as an infringer, . . . , and further imposes liability on certain individuals labeled "contributory" infringers . . . . The absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity.  For vicarious liability is imposed in virtually all areas of the law, and the concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another.

*Sony Corp. of America v. Univ. City Studios, Inc.,* 464 U.S. 417, 434-35, 104 S.Ct. 774, 784 (1984).

In interpreting this directive, courts – including the Second Circuit – "have long recognized that, in order to protect the copyright holder's statutory monopoly, parties other than the direct infringer must often be held accountable . . . ." *Polygram Intl. Pub., Inc. v. Nevada/TIG, Inc.,* 855 F.Supp. 1314, 1320 (D. Mass.)(*citing, Gershwin Pub. Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1161-62 (2d Cir. 1971)).

Two forms of third-party liability have been recognized in the case law: vicarious liability and contributory infringement. *See, Demetriades v. Kaufman*, 690 F.Supp. 289, 292 (S.D.N.Y. 1988). While "the Copyright Act does not expressly impose liability on anyone other than direct infringers, although courts have recognized various and contributory liability." *Flava Works, Inc. v. Clavio*, 2012 WL 2459146, 3 (N.D. Ill.); *Wilson v. Brennan*, 666 F.Supp.2d 1242, 1259 (D.N.M. 2009).

*See, e.g., Levine v. Landy,* 832 F.Supp.2d 176 (N.D.N.Y. 2011)(one infringes contributorily under the Copyright Act).

Germanotta's citation to *KBL Corp. v. Arnouts*, 464 F.Supp.2d 335 (S.D.N.Y. 2009)(Motion for Summary Judgment, p. 11), is off point. There, the court found "no basis to conclude that the Copyright Act provides for a right to contribution among **co-infringers**." *Id.* at 340 [**emphasis added**]. Here, there has been no patent infringement alleged by the Defendants.

## IV.     The Defendants Have Stated a Claim for Common Law Indemnification.

Germanotta argues that Fusari has not -- and cannot -- establish a claim for indemnification (Motion for Summary Judgment, pp. 13-14). She first claims that Fusari cannot allege that establish the existence of a "special relationship" between the parties.

However, he Third Party Complaint alleges, *inter alia*, that the Plaintiff spoke with Germanotta and urged her to remain with Fusari while negotiating with record labels. Germanotta denied the Plaintiff's request, proceeding to contract for money from the songs. This allegation is sufficient to allege that Fusari would have prevented conveyance of the songs and that Germanotta is solely responsible for doing so. Furthermore, the Defendants' Proposed Amended Third Party Complaint specifically

8

alleges the existence of such relationship to the extent that the Court agrees it is not adequately pled.

Moreover, some New Jersey decisions have recognized "the proposition that it is extremely difficult to state any general rule or principle as to when indemnity will be allowed and when it will not." *Ramos v. Browning Ferris Indus. of South Jersey, Inc.,* 103 N.J. 177, 189, 510 A.2d 1152, 1158 (N.J. 1986).

What Germanotta overlooks is the doctrine of "implied indemnity," which is "an equitable remedy that may arise without agreement, and by operation of law to prevent a result which is regarded as unjust or unsatisfactory." *Stephenson v. R.A. Jones & Co., Inc.,* 510 A.2d 1161, 1168 (N.J. 1986).

Here, the Defendants have specifically pled equitable indemnity, which "New Jersey case law indicates . . . may be implied in the absence of a specific contractual agreement, and **even when a special relationship is not present between the parties . . .**" *SGS U.S. Testing Co., Inc. v. Takata Corp.,* 2012 WL 3018262, 4 (D.N.J.)**[emphasis added]**.

Furthermore, Germanotta argues that the Defendants "ha[ve] not and cannot plausibly plead that [they are] without fault" (Motion for Summary Judgment, p. 12). In the first place, Germanotta does the impermissible and construes the pleadings the light most *unfavorable* to the non-moving parties and asks the Court to presume -- based on a record that has not yet been developed -- that the Defendants could not possibly make such claim. Secondly, she cites to the pleading and concludes that because "**Fusari himself** contributed to the songs at issue" (*Id.* at p. 13)**[emphasis added]** that means that he was "not entirely without fault." Missing from Germanotta's analysis is any statement

in the pleading sought to be dismissed that the Defendants were *at fault* for any conveyance in the Plaintiff's interests in the songs. Moreover, she – without reference to case law – conclusively asserts that Fuari was "co-author of the works at issue" and did not have "any special relationship" with Germanotta (*Id.*). Therefore, she claims, any liability of the Defendants "would not be constructive, secondary, vicarious, technical or imputed (*Id.*). However, this argument skips over the legal conclusion it draws and asks the Court to rule that, as a matter of law, the relationship between co-authors cannot create liability that is "constructive, secondary, vicarious, technical or imputed." Her failure to cite any authority for this proposition dooms her application.

Finally, Germanotta's focus on the Defendants' alleged failure to plead a "special relationship" (Motion for Summary Judgment, p. 13) ignores one very essential allegation of the Third Party Complaint: That the Plaintiff urged Germanotta to stay with Fusari as she was negotiating a record deal, but she refused. This allegation suggests that the cause of action results not solely from the fact that Germanotta was a co-author, but because of a relationship she had, but flouted, with Fusari.

## V.     The Third Party Complaint States a Claim for Contributory Copyright Liability.

While the Copyright Act does not expressly make anyone liable for the copyright infringement of another, the law establishes doctrines of secondary liability. *Parker v. Google, Inc.*, 242 Fed.Appx. 833, 837 (3d Cir. 2007). Contributory copyright infringement is recognized. *Id.*

The Third Circuit has dubbed it "well settled that one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing activity of

another may be held liable as a contributory infringer." *Columbia Pictures Indus. v. Redd Horne*, 749 F.2d 154, 160 (3d Cir. 1984)(internal quotations and citation omitted).

Here, read in the light most favorable to the Defendants, the Contribution claim is adequately pled. Specifically, it alleges that Germanotta contracted to receive money for the songs that she collaborated with the Plaintiff, which action implies either a tortious act against, or neglectful act towards, the Plaintiff's rights in the compositions. Given that Germanotta is alleged to have personally collaborated with the Plaintiff as to these compositions, there is adequate basis for finding that she could be contributorily responsible along with the Defendants for any alleged breach.

VI.   **In the Event the Court Finds the Third Party Complaint Inartfully Drafted, It Should Permit the Defendants Leave to Amend Their Third Party Complaint.**

As with the rest of it, Germanotta's Motion is premised solely on the allegation the Defendants' Third Party Complaint fails to state a claim (Motion for Summary Judgment, p. 15). To the extent that the Court agrees that the Defendants' pleading is in some measure insufficient, it should permit the Defendants to amend their Third Party Complaint. *See, Bill v. Meyers*, 2011 WL 1045340, 8 (Bkcy D.N.J.)(granting cross-motion to amend pleading); *Milhouse v. Bledsoe*, 2011 WL 332417 (M.D. Pa.)(same); *In re Bagel*, 1992 WL 477052 (E.D. Pa.)(same); *Pruticka v. Posner*, 1989 WL 112965 (D.N.J.)(same); *Rogers v. Delaware Power & Light Co.,* 9 Terry 115. 95 A.2s 842 (Del. Super. 1953).

It is black letter law that

. . . . leave to amend a pleading shall be freely given in the absence of undue or unexplained delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowing the amendment or futility of amendment.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Long Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, leave to amend should be granted where there is no evidence of bad faith; the Defendants did not fail to cure deficiencies during previous opportunities; Germanotta would suffer no prejudice whatsoever since she has not even answered; and the proposed amendments would not be futile.

With respect to the Defendants' claim for Indemnification, the Proposed Amended Complaint alleges that (i) they had a special legal relationship with Germanotta; and (ii) their liability in the matter is secondary, constructive, vicarious, technical and/or imputed insofar as Germanotta was responsible for conveyance of interest in the songs and refused the Defendants' and Plaintiff's request that she remain with Fusari. These allegations meet with the criticism Germanotta has leveled, are allegations that the Defendants believe they can prove in discovery, and amply satisfy the pleading requirements. *Land v. Helmer*, 843 F.Supp.2d 547, 550 (D.N.J. 2012).

Moreover, the Proposed Amended pleading adequately alleges a cause of action for Infringement because (i) the relationship alleged was one of producer, co-writer, and/or someone who advanced Germanotta's career (and, as set forth above, a "special relationship" may encompass more than, *e.g.,* principle and agent); and (ii) the Defendants specify that their liability is, *inter alia,* secondary to Germanotta's. The latter issue was explored in *Napolitano v. Haven Homes, Inc.,* 2012 WL 253175 (D.N.J.), where it was alleged that the defendant's conduct was "passive, technical and secondary in nature, while that of the third party defendants . . . was active, primary and

12

consummate in nature . . . ." *Id.* at 8.  The court ruled that, based on those facts and

allegations, the court found that it was entitled "to raise its right to relief based on

common law indemnification above the speculative level." *Id.*  It found "the Court finds

that Haven has pled sufficient facts to support its claim that [the third party defendants']

negligence . . . caused the pipe to freeze and burst." *Id.*

> Moreover, the Defendants' Proposed Amended Third Party Complaint alleges that
>
> . . . . any liability the Defendants have in this matter is shared by Germanotta as a
> joint tortfeasor.  Specifically, Germanotta committed a wrongful act, neglect, or
> default in her duties to the Plaintiff insofar as she contracted to obtain money
> from the subject songs, which she knew or should have known the Plaintiff had an
> interest in and whose interest she failed to protect.

(Proposed Amended Third Party Complaint, ¶22).  Permitting the Defendants this

amendment would in no way prejudice either the Plaintiff or Germanotta as Germanotta

has yet to even *answer* the complaint and discovery as to the Defendants' claims against

her has yet to commence.  Moreover, the proposed amendment is meritorious insofar as it

would remedy any defect Germanotta alleges are present in the Third Party Complaint

and states a cause of action for Contribution.

### Conclusion

For the reasons set forth above, Germanotta's Motion for Summary Judgment

dismissing the Defendants' Third Party Complaint should be denied; and the Defendants'

Cross Motion for Leave to Amend should be granted.

Law Offices of James C. DeZao, P.A.

Dated: 10/22/12

By: _____
JAMES C. DEZAO, ESQ.

13