# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN GAINES,<br><br>     Plaintiff-Counterclaim Defendant,<br>-v-<br><br>ROB FUSARI, ROB FUSARI<br>PRODUCTIONS, LLC,<br><br>     Defendants-Third Party Plaintiffs,<br><br>     v.<br><br>STEFANI GERMANOTTA aka LADY<br>GAGA,<br><br>     Third-Party Defendant. | Civil Action No. 11-CV-4433<br>(WJM/MF) |

## DEFENDANTS' REPLY TO GERMANOTTA'S OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR LEAVE TO FILE AMENDED THIRD PARTY COMPLAINT

The Defendants, Rob Fusari ("Fusari") and Rob Fusari Productions, LLC ("the Defendants"), submit this Memorandum in Reply to the Opposition of the Third-Party Defendant, Stefani Germanotta ("Germanotta"), to the Defendants' Cross-Motion for Leave to File an Amended Third Party Complaint. For the reasons set forth below and in their moving papers, the Defendants' Cross-Motion should be granted.

### Argument

Germanotta argues that Leave to Amend should be denied the Defendants because the proposed amendment would be futile (Opposition, p. 13). First, Germanotta continues her plight to ask the Court to give a constrictive read to law she herself admitted in her moving papers was only affirmed by "most courts" in the Union, of

which New Jersey (and the Third Circuit) was not a part (*see,* Motion to Dismiss, p. 9). Compelled to give heed to the United States Supreme Court case cited in the Defendants' Opposition, Germanotta now attempts to make light of *Song Corp. of America v. Univ. City Studios, Inc.,* 464 U.S. 417, 104 S.Ct. 774 (1984), by distinguishing it factually (Opposition, pp. 8-9). What she ignores is the Supreme Court's clear refutation of Germanotta's position that "most courts" have held that claims for contribution under the Copyright Act "cannot be sustained" (Motion, p. 9). Instead, the Court held that the "absence of such express language in the copyright statute does not preclude" these types of actions. *Sony Corp.,* 464 U.S. at 435, 104 S.Ct. at 785.

Now wishing to squeeze her figurative foot into the shoe that is the Supreme Court pronouncement on this issue, Germanotta claims that the broad language of *Sony Corp.* does not apply because the "instant case is entirely different" (Opposition, p. 9). The Defendants, she argues, "do not present a novel technological innovation that requires interpretation of the Copyright Act" but, rather, "a garden variety state law contribution claim" (*Id.*). Hence, Germanotta has morphed her position from one attacking the sufficiency of the Defendants' Third Party Complaint under the specific auspices of the Copyright Law to one criticizing his "garden variety" claim. She cannot have it both ways; and, in any event, her dizzying argument belies the propriety of dismissal.

Germanotta's stab at holding a Western District of North Carolina case to a higher precedential standard than that of the United States Supreme Court (Opposition, p. 9) is a shockingly weak one. Indeed, in view of *Sony Corp.'s* direct comment on this issue, Germanotta's argument runs dry.

Germanotta once again tries to "chase her tail" when claiming, in her Motion, that a contribution or indemnification claim under the Copyright Act cannot exist for *infringement* (*see*, Motion, pp. 10-11 [citing, *inter alia*, *Elektra Entertainment Group, Inc. v. Santangelo*, 2008 U.S. Dist. LEXIS 11845 (S.D.N.Y.)(denying a third party claim of indemnification/contribution for copyright infringement); *Arista Records, Inc. v. Flea World, Inc.,* 2004 U.S. Dist. LEXIS 29591 (D.N.J.)(stating that a copyright infringer does not have right to contribution); *Crispin v. Christian Audigler, Inc.,* 839 F.Supp.2d 1086 (C.D. Cal. 2011)(same); *Zero Tolerance Entertainment, Inc. v. Ferguson*, 254 F.R.D. 123 (C.D. Cal. 2008)(same); *Lehman Bros., Inc. v. Wu,* 294 F.Supp.2d 504 (S.D.N.Y. 2003)(same);]), and then, in Opposition, complaining that the Defendants "failed to plead" an infringement claim (Opposition, p. 9). Indeed, Germanotta appears to "change her stripes" by accusing the Defendants of erroneously "invo[king]" the "copyright infringement" law she herself relied upon in her Motion. This sudden about face should be rejected.

As it pertains to the ███████████████████████████████████████ Germanotta implores the Court to adopt the narrowest read of the term and ignore very favorable language in the Defendants' Opposition. Indeed, while Germanotta faults the Defendants for "fail[ing] to offer a single case that recognizes the supposed connections ████████████████████████████████████████████Opposition, p. 10), she simultaneously dismisses the signature language in *SGS U.S. Testing Co., Inc. v. Takata Corp.,* 2012 WL 3018262 (D.N.J.), which very pointedly discusses ███████████████ ████████████████████████████████████████████████████ ██████████ *Id*. at 4.

Germanotta's restatement that the Defendants have not rebutted her position "with anything but the most conclusory assertions, because claims for common law indemnification are not cognizable under the Copyright Act," (Opposition, p. 11) runs afoul of the very explicit Supreme Court language set forth above. Her repetition of the same argument does not make it any more veracious.

Germanotta's "one of two scenarios" sketch (Opposition, p. 12) does not stand up to close examination. Specifically, her suggestion that, if the Defendants "did not fail to account to Gaines[,]" they would not owe him "any compensation, and, therefore, there are no damages for which" the Defendants could be indemnified (*Id.*) puts the cart before the horse: She asks this Court to decide the merits of the case *now* and let her out of the case before any liability might be established. Given that litigation so frequently results in outcomes unimagined by the parties, her "two scenarios" sketch is grossly oversimplified.

Aside from these issues, Germanotta gives an unsupported recitation of Copyright law allegedly rallying against grant of the Defendants' Cross-Motion. Writes Germanotta: "A co-author of a work is permitted to freely exploit that work without the permission of her co-authors" (Opposition, p. 14). Given that she offers no legal reference for this principle, it stands as an unanchored claim as to why the Proposed Amended Third Party Complaint is futile. Indeed, the amendment has been offered almost entirely in answer to the attacks she has leveled against it.

Finally, Germanotta's argument that the amended pleading would fail because it does ████████████████████████████████████████████████ ████████████████████████████ ." (Opposition, p. 14) again reads the pleading in

the light most favorable to herself.  Indeed, the Defendants' pleading suggests that any

liability they have should be shared with Germanotta, who was also a joint owner of the

works and also allegedly conveyed rights in them for remuneration (Proposed Amended

Third Party Complaint, ¶22).  It would simply be partial "justice" to adjudicate the

Plaintiff's alleged rights as it pertains to the Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮.

    Lastly, it is perfunctory to note that Germanotta has raised no argument whatever

about the other two elements a court consider when granting leave to amend: prejudice or

bad faith.  She therefore impliedly concedes there is neither.

### Conclusion

    For the reasons set forth here and in their moving papers, the Defendants' Cross-

Motion for Leave to File an Amended Third Party Complaint should be granted.


                                          Law Offices of James C. DeZao, P.A.


Dated: 11/5/12                    By: _____
                                          JAMES C. DEZAO, ESQ.