# LAW OFFICES OF JAMES C. DEZAO, P.A.
## Attorney at Law

James C. DeZao -NJ
Bruce Montague-NY*

*of Counsel*

322 Route 46 West, Suite 120
Parsippany, New Jersey 07054
Telephone (973) 808-8900
Facsimile (973) 808-8648

e-mail: jim@dezaolaw.com

New York Office
212-45 26th Avenue, Suite 7
Bayside, NY 11360
718-279-7555

April 25, 2013

**Via Electronic Filing**
Honorable Mark Falk
United States Magistrate Judge
Courtroom PO 9
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: *Gaines v. Fusari, et al*
      Docket No. 11-cv-4433 (WJM)(MF)

Dear Magistrate Judge Falk:

  This office represents the Defendants, Rob Fusari ("Fusari") and Fusari Productions, LLC ("the Defendants"), in the above-referenced matter. Please accept this letter regarding a discovery dispute that has arisen between the parties, and that we have been unable to remedy with our own efforts.

  Currently, fact discovery in this matter is set to expire on April 29, 2013, by Consent Order dated on or about March 13, 2013. In an attempt to meet this deadline, this office subpoenaed, and contacted Plaintiff's Counsel about deposing, the Plaintiff's wife and sister, Sabrina and Briana Gaines. These individuals were in fact listed by the Defendants in their Initial Disclosures as having information relevant to the Plaintiff's working relationship with the Defendants and his purported contributions to the Stefani Germanotta ("Germanotta") works.

  While our office has attempted to engage in settlement discussions with Plaintiff's Counsel, the parties seem to have reached an impasse.

  In the meantime, no depositions have been scheduled. My office and the office of Plaintiff's Counsel did tentatively throw around dates for the Plaintiff's and Fusari's depositions, but in the interim it has proven impossible to work out the issue of deposing Brianna and Sabrina Gaines. While this office has reminded Plaintiff's Counsel that these individuals were listed in

1

the Defendants' Initial Disclosures, it remarkably remains the Plaintiff's position that our client's demand for these deposition is made in bad faith and for the purposes of harassment. There is, simply put, no basis for such charge.

In light of the impasse that this and Plaintiff's Counsel's office has reached with regard to discovery, I respectfully request that the Court intervene. My client has subpoenaed and wishes to depose only five (5) persons in this matter (exclusive, of course, of any discovery that may become necessary by virtue of Stefani Germanotta's involvement in this matter, if her summary judgment motion is denied): The Plaintiff; Sabrina; Brianna; Joshua Thompson; and Vince Herbert. Plaintiff's Counsel has been put on notice of all of them, and all of them were listed in the Defendants' Initial Disclosures.

Until this matter can be resolved, the Defendants respectfully request that discovery be stayed. Once it is determined who can and cannot be deposed, all depositions can be scheduled and undertaken.

Very Truly Yours,

James C. DeZao, Esq.
JCD/ap