# LAW OFFICES OF JAMES C. DEZAO, P.A.
*Attorney at Law*

James C. DeZao -NJ
Bruce Montague-NY*

*of Counsel*

322 Route 46 West, Suite 120
Parsippany, New Jersey 07054
Telephone (973) 808-8900
Facsimile (973) 808-8648

e-mail: jim@dezaolaw.com

New York Office
212-45 26th Avenue, Suite 7
Bayside, NY 11360
718-279-7555

April 30, 2013

Honorable Mark Falk, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
Courtroom PO 9
50 Walnut Street
Newark, NJ 07101

    Re:    *Gaines v. Fusari, et al*
            Docket No. 11-cv-4433 (WJM)(MF)

Dear Magistrate Judge Falk:

       This office represents the Defendants, Rob Fusari ("Fusari") and Fusari Productions, LLC ("the Defendants"), in the above-referenced matter. Please accept this letter in response to the April 30, 2013 letter from the Plaintiff's Counsel regarding the dispute over deposing Briana and Sabrina Gaines.

       Oddly, Plaintiff's Counsel attaches to his letter copies of the very messages that this office *quoted* in our April 26, 2013 letter supplement to Your Honor. There is therefore nothing in those messages that supports Plaintiff's unfounded conclusion that the Defendants seek to depose these individuals for the purposes of "harassment." Indeed, the Plaintiff has pointed to not *one* instance of alleged "harassment" of him by the Defendant in this matter – in fact, it was the Plaintiff who filed suit.

       Most importantly, the Plaintiff gives *no* acknowledgement of – much argument against – the fact that the Defendants listed Briana and Sabrina Gaines as persons with relevant information in their Initial Disclosures. How such early indication that the Defendants honestly believed these individuals had relevant knowledge figures into a grant scheme to "harass" the Plaintiff is completely lost on the undersigned.

       In any event, as the Court is doubtless aware, the Federal Rules of Civil Procedure "allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). Admissibility as competent evidence not the hallmark of discoverability; the discovery standard is less stringent – it requires only a reasonable likelihood that the discovered information will bring about the production of relevant evidence. *See, Fed. R. Civ. P. 26(b)(1)*("The information sought

1

need not be admissible at the trial if the information . . . appears reasonably calculated to lead to the discovery of admissible evidence").

In *Neuberger and Scott v. Shapiro*, 196 F.R.D. 286 (E.D. Pa. 2000), the defendant also argued that the sought deposition would lead to "irrelevant" evidence "and that the proposed deposition would amount to harassment." *Id.* at 286. There, the court noted that "the deposition information to be elicited by plaintiffs may well be inadmissible or have limited utility under the Federal Rules of Evidence. *Id.* Wrote the court:

> Here, the deposition information to be elicited by plaintiffs may well be inadmissible or have limited utility under the Federal Rules of Evidence . . . At this point it is premature to rule on the admissibility of such evidence. The question whether information obtained in the deposition will be usable, either for cross-examination or as extrinsic proof, is best left until trial. In the meantime, the requested discovery, which may aid in disclosing admissible evidence or at least offer bases for cross-examination as to credibility, shall be allowed . . . .

*Id.*

Relevancy is more liberally and broadly construed at the discovery stage than at trial. *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 191 (D.N.J. 2010). The party resisting discovery has the burden of clarifying, explaining, and supporting its objections. *Id.* Here, the Plaintiff has failed to meet his burden of "clarifying, explaining," or "supporting" his objection to the depositions of Briana and Sabrina Gaines outside of his "guttural" reaction – most likely due to his familial relation with them – that the Defendants are insisting on these depositions for purposes of "harassment" when these persons were listed on the Defendants' Initial Disclosures.

Given the Plaintiff's failure to cite to – much less meet – the relevant standard to make out his objection, the Defendants respectfully request that the depositions of Briana and Sabrina Gaines be scheduled.

Very Truly Yours,

James C. DeZao
JCD/ap