UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CALVIN GAINES,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**ROB FUSARI AND ROB FUSARI PRODUCTIONS LLC,**<br><br>　　　　**Defendants-Third Party Plaintiffs,**<br><br>**STEFANI GERMANOTTA aka LADY GAGA,**<br><br>　　　　**Third Party Defendant.** | Civ. No. 2:11-04433 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　This copyright case comes before the Court on three motions. Third Party Defendant Stefani Germanotta (aka Lady Gaga) moves to dismiss the third party complaint under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Germanotta moves for summary judgment under Federal Rule of Civil Procedure 56. Defendants-Third Party Plaintiffs Rob Fusari and Rob Fusari Productions (together "Fusari") move to amend the third party complaint under Federal Rule of Civil Procedure 15. The Court will **GRANT** the motion to dismiss, **DENY** the motion for summary judgment, and **DENY** the motion to amend.

　　　Along with Germanotta, Rob Fusari co-owns the copyright to the following songs: "Paparazzi"; "Beautiful, Dirty, Rich"; "Disco Heaven"; and "Retro Dance" (together the "Songs"). Compl. ¶¶ 16-19, ECF No. 1; Third Party Compl. ¶ 14; ECF No. 49. On July 29, 2011, Gaines brought a Complaint against Fusari. The Complaint seeks declarations under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101, *et seq.*, that Gaines is a co-author and co-producer of the Songs. The Complaint also seeks an accounting from Fusari.

　　　After Gaines brought his Complaint against Fusari, Fusari brought a two-count third party complaint against Germanotta. Count I asserts a claim for indemnification. Count II asserts a claim for contribution. Germanotta moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss both counts, arguing that federal law does not provide Fusari with a cause of action for indemnification or contribution. Germanotta is correct.

1

"A defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." *Mortgages, Inc. v. United States Dist. Court*, 934 F.2d 209, 212 (9th Cir. 1991) (citing *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638-40 (1981)). Gaines's claims against Fusari arise out of the Copyright Act. Accordingly, Fusari's indemnification and contribution claims against Germanotta must be grounded in federal law. But neither federal statutory law nor federal common law provide causes of action for indemnification or contribution in Copyright Act cases. *See, e.g.*, *Pure Country Weavers, Inc. v. Bristar, Inc.,* 410 F. Supp. 2d 439, 448 (W.D.N.C. 2006) (no cause of action for indemnification in Copyright case); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005) (no cause of action for contribution in Copyright case). Accordingly, the Court will **DISMISS** Counts I and II **WITH PREJUDICE**. The Court will **DENY** Germanotta's motion for summary judgment on mootness grounds.

Fusari moves to amend his third party complaint under Federal Rule of Civil Procedure 15(a)(2). Though Fusari's amended complaint contains new factual allegations, it continues to assert the same claims for indemnification and contribution.[1] As the amended complaint would be subject to dismissal for the reasons addressed in this Opinion, the Court will **DENY** Fusari's motion on futility grounds. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) ("[F]utility of amendment is a sufficient basis to deny leave to amend."). An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 8, 2013**

---

[1] In his opposition brief, Fusari claims that the contribution claim in his amended third party complaint is actually a claim for contributory copyright infringement. Fusari argues that Germanotta is liable for contributory copyright infringement because she "contracted to receive money for the songs that she collaborated with [Gaines], which action implies either a tortious act against, or neglectful act towards, the [Gaines] rights in the compositions." Opp. Br. at 11, ECF No. 64. To state a claim for contributory copyright infringement, a party must establish "(1) direct copyright infringement by a third party; (2) knowledge of the third-party infringement; and (3) a material contribution to the infringement." *Live Face on Web, LLC v. Howard Stern Productions, Inc.*, No. 8-2579, 2009 WL 723481, at *2 (E.D.Pa. Mar. 17, 2009) (citing *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 160 (3d Cir. 1984)). Fusari concedes that Germanotta is a co-owner of the Songs. Accordingly, neither Germanotta nor her contracting partners can be held liable for copyright infringement. *See Geshwind v. Garrick*, 734 F. Supp. 644, 651 (S.D.N.Y. 1990), vacated in part on other grounds, 738 F. Supp. 792 (S.D.N.Y. 1990) ("[A] joint owner of a work does not need the permission of his joint owner to use or license the work, and neither he nor a party to whom he gives permission to use the work can be held liable to the other owner for infringement."). It follows that a claim for contributory infringement would be futile.